IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDWARD THOMAS SEYMOUR, III,<br>   Petitioner | *<br>*|
| v. | CIVIL ACTION NO. AMD-04-3673 |
| | * |
| ROBERT KUPEC, et al.,<br>   Respondents | *<br>* |

******

## **MEMORANDUM**

  On November 17, 2004, this court received petitioner's 28 U.S.C. § 2254 petition attacking his 2002 conviction in the Circuit Court for Calvert County, Maryland, for second degree assault, malicious destruction of property, and resisting arrest. Paper No. 1. Respondents have answered the petition, arguing that the case should be dismissed for petitioner's failure to exhaust available state court remedies. Paper No. 9. Specifically, respondents state that petitioner has not pursued state post conviction relief. *Id.* Petitioner indicates that he has sought assistance from the Maryland Public Defender's Office in filing for post conviction relief. Paper No. 15. He further states that he filed the instant petition prior to having completed state review in order to avoid running afoul of the one year statute of limitations. *Id.*

  Prior to seeking federal habeas corpus relief, a petitioner must exhaust each claim presented to the federal court by first pursuing available state court remedies. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U. S. 838 (1999); 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by raising certain claims on direct appeal and by way of post conviction proceedings. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994).

This exhaustion requirement is not a jurisdictional condition to federal habeas corpus relief but rather a matter of comity. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be provided the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

In most circumstances, this court would dismiss the petition without prejudice for non-exhaustion. The dismissal of this petition, however, would potentially bar petitioner from re-filing a § 2254 petition in light of the one-year limitation provision set out under 28 U.S.C. § 2244(d). This court has discretion to stay a habeas petition, such as this one, that contains exhausted and unexhausted claims, to allow petitioner to present his unexhausted claims to the state court. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Petitioner indicates that he has sought assistance in filing his state post conviction petition and has made efforts to fully exhaust his available state court remedies. The court cannot say, on the record before it, that petitioner's claims are without merit, nor is there any evidence before the court that petitioner has engaged in intentionally dilatory ligation tactics. *Id.* at 1534-35. Accordingly, this court finds that good cause exists to stay the instant proceedings while petitioner completes state court review. The court shall hold in abeyance review of this matter and administratively close this case pending the exhaustion of state court remedies. In sum, the court will stay review of this matter until such time as petitioner establishes that he has fully exhausted each of his claims in the Maryland courts.

Petitioner and respondents shall be required to provide this court a report at three month intervals informing the court of the status of the state proceedings. Petitioner is further advised that the stay of these proceedings is conditioned upon petitioner commencing state post conviction

proceedings immediately; just as he filed this case without the assistance of counsel, he may likewise file his state post conviction case without the assistance of counsel. Petitioner is cautioned that his failure to timely institute state post conviction proceedings or to furnish this court timely and complete status reports will result in the dismissal of this federal habeas corpus petition without further notice from this court. The first status report shall be filed no later than July 1, 2005.[1]

      A separate Order shall be entered reflecting the opinion set out herein.


Date: May 20, 2005                  /s/
                                          Andre M. Davis
                                          United States District Judge

---

[1] The Clerk shall be directed to administratively close this case. Petitioner shall move to reopen the matter within sixty days of the date his state court remedies are exhausted.